**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| CHRIS MCALARY,<br><br>                    Appellant,<br>vs.<br><br>CASH CLOUD INC., *et al.*,<br><br>                    Appellees. | Case No.: 2:23-cv-01424-GMN<br><br>**ORDER GRANTING MOTION TO LIFT STAY** |

Pending before the Court is the Motion to Lift Stay, (ECF No. 36), filed by Appellant Chris Mcalary. Appellee Cash Cloud Inc. did not file a Response, and the time to do so has passed. Appellee Official Community of Unsecured Creditors ("UCC") filed a Response, (ECF No. 37), to which Appellant filed a Reply, (ECF No. 38). For the reasons discussed herein, the Court **GRANTS** Appellant's Motion to Lift Stay.

This case comes from the United State Bankruptcy Court for the District of Nevada, where Appellee Cash Cloud filed for relief under Chapter 11 of the Bankruptcy Code. (*See generally* Voluntary Pet., Ex. 1 of Vol. One to Appellant's App. to Opening Brief). The Bankruptcy Court entered two orders in the case, which Appellant subsequently appealed to this Court. (*See* Notice of Appeal, ECF No. 1). Appellant filed his Opening Brief, (ECF No. 12), and Appellee Cash Cloud filed its Response, (ECF No. 27), to which Appellee UCC joined, (ECF No. 29). The parties then filed a Stipulation to Stay Appeal Pending Resolution of Bankruptcy Court Approval Settlement explaining that the parties had stipulated in the underlying bankruptcy case to attend a settlement conference. (Stip. 3:1–4, ECF No. 30). The parties therefore requested a stay in this appeal, which the Court granted. (Order Granting Stip.

to Stay, ECF No. 31).  The parties subsequently filed a Stipulation Continuing Stay of Appeal, (ECF No. 34), which the Court also granted, (ECF No. 35).  Appellant now seeks a lift of the stay in the instant Motion to Lift Stay.

A district court "has broad discretion to stay proceedings as an incident to its power to control its own docket." *Clinton v. Jones*, 520 U.S. 681, 706 (1997) (citing *Landis v. North American Co.*, 299 U.S. 248, 254 (1936)).  "The power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis*, 299 U.S. at 254. The corollary to this power is the ability to lift a stay previously imposed.

Appellant seeks to lift the stay of the appeal, asserting that the parties did not reach a settlement after attending the settlement conference that originally incited the stay of this case. (Order Granting Stip. to Stay 3:1–4); (Reply to Mot. to Lift Stay 2:11–15).  UCC argues that the parties are still in continued settlement negotiations and a lift of the stay would shift resources away from these negotiations. (Resp. to Mot. to Lift Stay 2:8–20).  But lifting the stay does not prevent the parties from negotiating or reaching a settlement agreement. (*Id.*)  The case was stayed to allow the parties to attend the settlement conference scheduled for February of 2024, and that settlement conference has now passed. (Order Granting Stip. to Stay 3:1–4). Consequently, the parties have resumed litigation in the underlying bankruptcy case. (Mot. to Lift Stay ¶ 22).  Because the reason for the stay has passed, and because the parties can continue to work towards a settlement without a stay in place, the Court finds that lifting the stay is appropriate.

Accordingly,

**IT IS HEREBY ORDERED** that Appellant's Motion to Lift Stay, (ECF No. 36), is **GRANTED.**

**IT IS FURTHER ORDERED** that Appellant must file a Reply Brief within 14 days of this Order.

**DATED** this __25__ day of November, 2024.

_____
Gloria M. Navarro, District Judge
United States District Court