UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| CHRIS MCALARY, <br><br>     Appellant, <br> vs. <br><br>CASH CLOUD INC., *et al.*, <br><br>     Appellees. | Case No.: 2:23-cv-01424-GMN <br><br>**ORDER** |

This case is before the court on appeal from the United States Bankruptcy Court for the District of Nevada. Before the Court is the Opening Brief, (ECF No. 12), filed by Appellant Chris McAlary, appealing the Bankruptcy Court's Order on Objection to Debtor's First Amended Chapter 11 Plan of Reorganization and the Bankruptcy Order Approving Debtor's Disclosure Statement on a Final Basis and Confirming Debtor's First Amended Chapter 11 Plan of Reorganization ("Confirmation Order"). Appellees Cash Cloud Inc. and Official Committee of Unsecured Creditors ("UCC") filed an Answering Brief, (ECF No. 27), to which McAlary filed a Reply, (ECF No. 40). For the reasons set forth below, the Court AFFIRMS in part and REMANDS the issue of the timeliness of the revised Liquidation Analysis for the bankruptcy court to address in the first instance.

**I. BACKGROUND**

The following factual findings are taken from the bankruptcy court's Orders below. On February 7, 2023, Appellee Cash Cloud filed a voluntary petition for relief under Chapter 11 of Title 11 of the United States Code. (Conf. Order ¶ 7, Ex. 44 of Appx. 9 to Opening Br., ECF No. 21). On August 17, 2023, the Court held a Confirmation Hearing on Cash Cloud's First Amended Chapter 11 Plan of Reorganization (the "Amended Plan"). (Order on Obj. 1:15–19,

Ex. 43 of Appx. 9 to Opening Brief, ECF No. 21). Prior to the hearing, objections to plan confirmation were filed on behalf of the following parties: Appellant McAlary, Brink's Incorporated, and Cole Kepro International. (*Id.* 1:23–25). A ballot tabulation was also filed prior to the Confirmation Hearing which reflected that the proposed plan treatment has been accepted by Class 2(b) and Class 3(b) (general unsecured claims at 96.42% by dollar amount of 95.45% by number). (*Id.* 2:1–3). The tabulation also reflected that proposed plan treatment has been rejected by Class 2(c) (Enigma Securities Ltd.) and Class 3(a) (AVT Nevada); no ballots were bast in Class 4 (equity interests), and thus such interests were presumed to have rejected the proposed plan. (*Id.* 2:3–6). Confirmation of the Amended Plan was supported by the Official Committee of Unsecured Creditors previously appointed in the Chapter 11 proceeding. (*Id.* 2:6–8).

At the Confirmation Hearing, counsel on behalf of Brink's Incorporated, Cole Kepro International, Enigma Securities, and AVT Nevada consented to the language in the proposed Plan Confirmation Order addressing their objections. (*Id.* 2:17–20). In light of that consent, McAlary was the only party that continued to object to plan confirmation despite having signed Cash Cloud's initial Chapter 11 Plan dated May 8, 2023. (*Id.* 2:25–26). After hearing oral argument on the McAlary's objection at the Confirmation Hearing, the bankruptcy court overruled his objection and confirmed the Amended Plan. (*Id.* 6:17–19); (Conf. Order, Ex. 44 of Appx. 9 to Opening Brief, ECF No. 21). McAlary then appealed the bankruptcy court's Order overruling his objection. The Court now addresses that appeal.

## II.     LEGAL STANDARD

The parties dispute the appropriate standard of review. McAlary argues the Court should apply *de novo* review to each of the issues it raises, because he is challenging conclusions of law. (Opening Br. 1:26–3:6). In response, Appellees contend that the Court

should review the Bankruptcy Court's confirmation of the Amended Chapter 11 Plan under the abuse of discretion standard. (Answering Br. 2:1–6).

The Court agrees with Appellees, because all the issues raised by McAlary boil down to a challenge of the Bankruptcy Court's confirmation of the Amended Plan. A bankruptcy court's decision regarding confirmation of a Chapter 11 plan is reviewed for abuse of discretion. *In re Marshall*, 721 F.3d 1032 (9th Cir. 2013) (citing *In re Brotby*, 303 B.R. 177, 184 (B.A.P. 9th Cir. 2003)). To determine whether the bankruptcy court has abused its discretion, the Court conducts a two-step inquiry: (1) it reviews *de novo* whether the bankruptcy court "identified the correct legal rule to apply to the relief requested" and (2) if it did, it considers whether the bankruptcy court's application of the legal standard was illogical, implausible, or without support in inferences that may be drawn from the facts in the record. *United States v. Hinkson*, 585 F.3d 1247, 1262–63 & n.21 (9th Cir. 2009) (en banc).

### III.  **DISCUSSION**

McAlary raises several arguments for why the Court should reverse the bankruptcy court's order on his objection. First, he asserts that the bankruptcy court erred in confirming the Amended Plan because it lacks a certain effective date. He also argues that the Amended Plan's third-party releases and lack of setoff rights for his rendered the Plan unconfirmable. McAlary further argues that Cash Cloud's failure to provide notice and disclose the identity of the individuals who will serve as directors, officers, or voting trustees after confirmation should preclude confirmation of the Amended Plan. Lastly, he asserts that the bankruptcy court erred in basing its final confirmation decision on evidentiary submissions filed two days prior to the Confirmation Hearing. The Court takes up each of McAlary's arguments in turn.

#### A.  **Lack of Certain Effective Date**

McAlary argues that the Bankruptcy Court's confirmation of the Amended Plan was erroneous because the Plan does not "provide adequate means for the plan's implementation"

1  as required by 11 U.S.C. § 1123(a)(5) and is not feasible under 11 U.S.C. § 1129(a)(11) due to

2  the Plan's lack of a certain effective date.[1] (Opening Br. 12:16–15:16).

3        The Court first addresses McAlary's argument based on § 1123(a)(5).  McAlary does

4  not point to any binding precedent demonstrating that the bankruptcy court applied the

5  incorrect legal standard or abused its discretion in reaching its conclusion.  He instead cites to a

6  handful of out-of-circuit cases that he contends show a requirement that a Plan contain a certain

7  effective date in order to satisfy § 1123(a)(5). (*Id.* 12:16–15:16).  The Court is not aware of any

8  cases in this Circuit requiring that a plan have a specific effective date within a specified

9  amount of time from confirmation in order to satisfy the requirements of § 1123(a)(5), and the

10 cases that McAlary cites do not lead the Court to conclude that the bankruptcy court abused its

11 discretion in approving the Amended Plan with a delayed effective date.

12       McAlary next argues that the Court erred in approving the Amended Plan because the

13 Plan is not "feasible" as required by 11 U.S.C. § 1129(a)(11). (Opening Br. 15:23–17:17).

14 Section 1129(a)(11) requires the debtor to prove that "[c]onfirmation of the plan is not likely to

15 be followed by the liquidation, or the need for further financial reorganization, of the debtor or

16 any successor to the debtor under the plan, unless such liquidation or reorganization is proposed

17 in the plan."  In the Ninth Circuit, a plan is feasible under § 1129(a)(11) if the plan proponent

18 demonstrates that the plan "has a reasonable probability of success." *Acequia, Inc. v. Clinton*

19 (*In re Acequia, Inc.*), 787 F.2d 1352, 1364 (9th Cir. 1986).  It is well settled that a debtor is not

---

[1] McAlary also advances an argument that the bankruptcy court erred in approving the Amended Plan because it was not "proposed in good faith and not by any means forbidden by law," as required under 11 U.S.C. § 1129(a)(3). McAlary did not raise this argument to the bankruptcy court in his objection to the plan. (McAlary's Objection to Debtor's First Amended Plan ROA_001507–27, Appx. Opening Brief Volume 8, ECF No. 20). The Court therefore finds that McAlary has waived his § 1129(a)(3) argument because he did not raise it below. While the Court may, in its discretion, excuse waiver in exceptional circumstances, "[a] party's unexplained failure to raise an argument that was indisputably available below is perhaps the least 'exceptional' circumstance warranting [an] exercise of. . . discretion." *Sanger v. Ahn* (*In re Ahn*), 804 F. App'x 541, 543 (9th Cir. 2020) (quoting *G & G Prods. LLC v. Rusic*, 902 F.3d 940, 950 (9th Cir. 2018)).  McAlary has provided no explanation for why he failed to raise the argument below, so the Court will not consider it for the first time now.

required "to prove that success is inevitable[.]" *Comput. Task Grp., Inc. v. Brotby* (*In re Brotby*), 303 B.R. 177, 191 (9th Cir. BAP 2003) (citing *In re WCI Cable, Inc.*, 282 B.R. 457, 486 (Bankr. D. Or. 2002)). "[T]he relatively low threshold of proof to satisfy § 1129(a)(11) is even more easily met where the plan itself calls for liquidation rather than reorganization." *In re Farwest Pump Co.*, 621 B.R. 871, 895 (Bankr. D. Ariz. 2019) (citing *In re Hand*, No. 08-61264-11, 2009 WL 1306919, at *12 (Bankr. D. Mont. May 5, 2009).

The Court reviews the bankruptcy court's feasibility finding for an abuse of discretion. *See First S. Nat'l Bank v. Sunnyslope Hous. Ltd. P'ship* (*In re Sunnyslope Hous. Ltd. P'ship*), 859 F.3d 637, 647 (9th Cir. 2017) (en banc). To the extent the feasibility finding arose from factual inferences the bankruptcy court made about the financial condition and future prospects of Cash Cloud, however, the Court reviews those inferences under the clearly erroneous standard and gives them due deference. *See Wells Fargo Bank, N.A. v. Loop 76, LLC* (*In re Loop 76, LLC*), 465 B.R. 525, 544 (9th Cir. BAP 2012). A bankruptcy court's factual findings are clearly erroneous if they are illogical, implausible, or without support in the record. *United States v. Hinkson*, 585 F.3d 1247, 1261–62 (9th Cir. 2009) (en banc).

The bankruptcy concluded that the feasibility standard was satisfied by both the "actual language used in Section 1129(a)(11)" and "the traditional notions of Chapter 11 'feasibility.'" (Order on Obj. 3:27–28; 4:20, Ex. 43 of Appx. 9 to Opening Brief, ECF No. 21). The bankruptcy court explained that "that the actual language used in Section 1129(a)(11) has been satisfied, to wit: confirmation of the Amended Plan is not 'likely to be followed by the liquidation' of the Debtor because the purpose of the proposed plan itself is the liquidation of the Debtor." (*Id.* 3:27–4:2). It also analyzed the actual feasibility of the Plan and concluded that "[e]ven if this conclusion is not dictated by the actual words used in Section 1129(a)(11), the traditional notions of Chapter 11 'feasibility' also have been satisfied." (*Id.* 4:19–20).

In reaching that conclusion, the bankruptcy court applied the correct legal standard and did not abuse its discretion in concluding that the plan was feasible. First, the bankruptcy court applied the correct legal rule when it stated that the actual language of § 1129 was satisfied because the purpose of the plan itself is the liquidation of the debtor. Courts have held that "under the literal wording of Section 1129(a)(11), it is unnecessary to show feasibility when liquidation is proposed in the plan." *In re Station Casinos, Inc.*, No. 09-52477-GWZ, 2009 WL 10810602, at *27 (Bankr. D. Nev. Oct. 5, 2009) (collecting cases).

Further, even under the traditional feasibility analysis, the Court did not abuse its discretion in finding that the Amended Plan was feasible. McAlary argues that the Plan is not feasible because it is contingent on future litigation. (Opening Br. 16:5–13). He once again identifies a handful of out-of-circuit cases standing for the proposition that a plan is not feasible if it "hinges on future litigation that is uncertain and speculative." *In re Biz as Usual, LLC*, 627 B.R. 122, 130 (Bankr. E.D. Pa. 2021). But in this Circuit, a debtor only needs to demonstrate that a plan has "a reasonable probability of success" to satisfy the feasibility requirement. *First S. Nat'l Bank*, 859 F.3d at 646–47. The bankruptcy court acknowledged that there is not a "certainty that the proposed creditor trust will succeed in collecting all of the assets it possesses," but it correctly explained that certainty is not required. (Order on Obj. 5:15–18, Ex. 43 of Appx. 9 to Opening Brief, ECF No. 21). It concluded that there was a sufficient showing of certainty that the claims of the estate will be pursued and found that the plan was feasible in satisfaction of § 1129(a)(11). (*Id.* 5:17–18). The bankruptcy court's factual findings were not illogical or implausible; the Court therefore concludes that the bankruptcy court did not clearly err in making its factual findings and did not abuse its discretion in finding that the Amended Plan was feasible.

///

///

### B. Third-Party Release

McAlary next argues that the bankruptcy court erred in confirming the Plan because it discharges the liabilities of third parties, which is precluded under 11 U.S.C. § 524(e). "Whether a bankruptcy court has the power to release claims against a non-debtor is a question of law which we review de novo." *Resorts Int'l, Inc. v. Lowenschuss* (*In re Lowenschuss*), 67 F.3d 1394, 1401 (9th Cir. 1995) (citation omitted).

The parties primarily disagree on whether the exculpation clause in the Plan falls into the definition of a "narrow exculpation clause" that the Ninth Circuit approved in *Blixeth v. Credit Suisse*, 961 F.3d 1074, 1083, or whether it is a third-party release prohibited by the Supreme Court's recent decision in *Harrington v. Purdue Pharma L.P.*, 603 U.S. 204 (2024). In *Blixeth*, the Ninth Circuit approved a narrow exculpation clause, holding that section 524(e) does not bar an exculpation clause protecting "various participants in the Plan approval process." 961 F.3d at 1082. Citing *In re PWS Holding Corp.*, 228 F.3d 224, 245–46 (3d Cir. 2000), the Ninth Circuit observed:

> Consistent with our analysis, the Third Circuit has upheld an exculpation clause similar to the one here at issue. *PWS*, 228 F.3d at 245–46. In doing so, the court took into account that the exculpated nondebtors there were members of the creditors' committee and related professionals and individuals. At the same time, and more broadly, *PWS* stated that "Section 524(e), by its terms, only provides that a discharge of the debtor does not affect the liability of nondebtors on claims by third parties against them *for the debt discharged in bankruptcy*," *id.* at 245 (emphasis added), and held that the partial exculpation for acts committed during the process of developing and confirming a Chapter 11 plan did not "affect the liability of another entity on a debt of the debtor within the meaning of § 524(e)," *id.* at 247.

*Blixseth*, 961 F.3d at 1083.

In concluding that the Bankruptcy Code does not prohibit an exculpation clause protecting various parties who participated in the approval process, the Ninth Circuit held that any such exculpation clause should relate only to that process. *Id.* at 1081–82.

The exculpation clause here specifically protects the Debtor, the Committee, the members of the Committee (only in their capacity as committee members), and the Retained Professionals from claims stemming from acts in connection with the Chapter 11 case and the Amended Plan. (First Am. Plan 42:13–43:17, Ex. 36 of Appx. 8 to Opening Brief, ECF No. 20). Just as in *Blixseth*, this exculpation clause is "focused on actions of various participants in the Plan approval process and relating only to that process." *See* 961 F.3d at 1082. As such, the exculpation clause here fits squarely within the definition of a narrow exculpation clause approved by the Ninth Circuit in *Blixseth*. *See id.* at 1081–1083.

In his Reply, McAlary also advanced the argument that the Supreme Court's recent decision in *Harrington v. Purdue Pharma L.P.*, 603 U.S. 204 (2024), requires the Court to reverse the bankruptcy court on this issue. The Court agrees with Appellees that *Purdue Pharma* does not apply: the Supreme Court specifically considered whether "a court in bankruptcy may effectively extend to nondebtors the benefits of a Chapter 11 discharge usually reserve for debtors." 603 U.S. at 215. The exculpation clause at issue here does not extend the benefits of a Chapter 11 discharge to nondebtors; rather, it exculpates participants in the Plan approval process for actions relating to that process. *See Blixeth*, 961 F.3d at 1082. The Court therefore finds that *Purdue Pharma* does not apply here.

Appellees lastly contend that the Court must vacate the judgment on this issue because the bankruptcy court did not address his objection to the third-party releases in the Memorandum Decision or make factual findings on this issue. (Opening Br., 20:26–21:3). The Court does not agree. In approving the Plan, the bankruptcy court explicitly addressed the question by finding that the exculpations comply with the Bankruptcy Code. (Conf. Order ¶ 34, Ex. 43 of Appx. 9 to Opening Br., ECF No. 21). As explained above, the bankruptcy court did not err in making that finding, and the Court therefore affirms the bankruptcy court's judgment on this issue.

**C. Set-Off Rights**

McAlary next argues that the bankruptcy court erred in approving the Amended Plan that divests him and others of the set-off rights preserved under 11 U.S.C. § 553. (Opening Br. 21:6–23:15). McAlary raised this issue in his objection, and Appellees offered to "provide McAlary with similar language in the Confirmation Order as that agreed to with Cole Kepro." (Conf. Br. at 53, Ex. 39 of Appx. 8 to Opening Br., ECF No. 20). Though McAlary agreed to such a modification at the Confirmation Hearing, the Confirmation Order did not contain the same reservation of set-off rights to McAlary as was provided for Cole Kepro. (Conf. Order ¶ 21, Ex. 44 of Appx. 9 to Opening Br., ECF No. 21). The bankruptcy court's Order did not address this part of McAlary's objection. (*See generally* Order on Obj., Ex. 43 of Appx. 9 to Opening Br., ECF No. 21). Because the bankruptcy court did not address this objection, the Court declines to consider the issue and remands it for consideration by the bankruptcy court.

**D. Failure to Disclose Individuals to Serve as Directors, Officers, or Voting Trustees after Confirmation**

McAlary argues that the bankruptcy court erred in confirming the Amended Plan because it does not comply with § 1129(a)(5)'s requirement that a plan disclose the identity and affiliations of individuals proposed to serve as directors, officers, or voting trustees of the debtor after the confirmation of the Amended Plan. (Opening Br. 24:2–25). Appellees, in turn, contend that the bankruptcy court was correct to find that the Amended Plan complies with the requirements of Section 1129(a)(5) because "Debtor will be dissolved after the Effective Date and no individuals will serve as directors, officers or voting trustees after the Effective Date." (Answering Br. 18:1–19:15) (quoting Conf. Order ¶ 17, Ex. 44 of Appx. 9 to Opening Br., ECF No. 21).

McAlary cites no support for his statement that §1129(a)(5)(A) does not contain an exception to the disclosure requirement where the debtor dissolves post-effective date.

Meanwhile, Appellees cite several nonbinding examples of bankruptcy court cases where courts stated that §1129(a)(5) does not apply to plans that provide for the dissolution of the debtor. (Answering Br. 18:22–19:6) (citing *In re Pers. Commc'ns Devices, LLC*, No. 13-74303-AST, 2010 WL 11824303, at *3 (Bankr. E.D.N.Y. Oct. 7, 2010); *In re Sentinel Mgmt. Grp., Inc.*, 398 B.R. 281, 308–09 (Bankr. N.D. Ill. 2008); *In re Five Star Foods*, Inc., No. 04-44934-RFN-11, 2007 WL 869716, at *5 (Bankr. N.D. Tex. Mar. 19, 2007)). Without a single binding or persuasive case from McAlary to support his argument that the bankruptcy court was incorrect in finding that the Amended Plan was not required to comply with §1129(a)(5), the Court does not find that the bankruptcy court identified the incorrect legal rule to apply or clearly erred in applying it. *See Hinkson*, 585 F.3d at 1262–63 & n.21. The Court therefore affirms the bankruptcy court's overruling of McAlary's objection under §1129(a)(5).

### E.  Notice Requirements

McAlary next asserts that the bankruptcy court erred in confirming the Amended Plan because it did not comply with the notice requirements of Federal Rule of Bankruptcy Procedure 2002(a)(5), which requires twenty-one days' notice of the time fixed to accept or reject the Amended Plan. (Opening Br. 26:11–14) (citing Fed. R. Bankr. P. 2002(a)(5)). He contends that the Amended Plan was filed August 1, fewer than 21 days before the August 17 Confirmation Hearing. (*Id.*). McAlary specifically takes issue with the professional fees that Debtor disclosed two days prior to the Confirmation Hearing, and a "new condition" to the occurrence of the effective date that was added to the Amended Plan. (*Id.* 26:14–27:11). Appellees argue that the bankruptcy court correctly found that the modification did not adversely change the treatment of the general unsecured claims under Rule 3019(a), and thus was not required to comply with the notice requirement of Rule 2002(a)(5). (Answering Br. 19:16–20:22).

Under Rule 3019(a), "[i]f the court finds . . . that the proposed modification does not adversely change the treatment of the claim of any creditor or the interest of any equity security holder who has to accepted in writing the modification, it shall be deemed accepted by all creditors and equity security holders who previously accepted the plan." Fed. R. Bankr. P. 3019(a). Rule 3019(a) makes clear "that a modification may be made, after acceptance of the plan without submission to creditors . . . if their interests are not affected." Fed. R. Bankr. P. 3019 advisory committee's note. "To come within this rule, the modification should be one that does not change the rights of a creditor . . . as fixed in the plan before modification." *Id.* "[D]isclosure and re-solicitation of votes on a modified plan is only required when the modification materially *and* adversely affects parties who previously voted for the plan." *In re Art & Architecture Books of the 21st Century*, No. 2:13-bk-14135-RK, 2016 WL 1118743, at *5 (Bankr. C.D. Cal. Mar. 18, 2016).

The bankruptcy court found that the Amended Plan "did not make any material alteration to the treatment of Class 3(b) General Unsecured Claims, each vote to accept/reject the Original Plan by the Holder of a Class 3(b) General Unsecured Claim is deemed to be a vote to accept/reject the Amended Plan." (Conf. Order, Ex. 44 of Appx. 9 to Opening Br., ECF No. 21). The General unsecured creditors received the same pro-rata distribution of the Creditor Trust Proceeds under both the original Plan and Amended Plan. (First Am. Plan at 72, Ex. 36 of Appx. 8 to Opening Brief, ECF No. 20); (Original Plan at 25, Ex. 17 of Appx. 2 to Opening Br., ECF No. 14). Thus, the bankruptcy court did not abuse its discretion in finding that there was no material alteration of the treatment of Class 3(b) General Unsecured Claims, because it was supported "in inferences that may be drawn from the facts in the record." *See Hinkson*, 585 F.3d at 1262–63 & n.21. Because disclosure is only required when modification materially affects the creditors, the Court finds that the bankruptcy court did not err in not

providing notice under Rule 2002(a)(5) after debtor filed its Amended Plan. *See In re Art & Architecture*, 2016 WL 1118743, at *5.

### F. Revised Liquidation Analysis

McAlary next argues that the bankruptcy court erred in basing its final confirmation decision on evidentiary submissions filed two days prior to the Confirmation Hearing. The Debtor filed its original liquidation analysis on July 7, 2023. (Supplement to Debtor's Plan, Ex. 31 of Appx. 7 to Opening Br., ECF No. 19). On August 15, 2023, the Debtor filed its revised liquidation analysis, attached to the Declaration of Tanner James, which provided a narrative explanation of the numbers. (Tanner Decl., Ex. 40 of Appx. 8 to Opening Br., ECF No. 20). At the August 17 Confirmation Hearing, McAlary objected to Tanner's declaration and moved to strike Paragraphs 5, 7, 8, 10, 11, 12, 13, 15, 16, and 17 as containing inadmissible hearsay. (Conf. Hr'g Tr. 27:15–21, Ex. 42 of Appx. 9 to Opening Br., ECF No. 21).

In its Order on McAlary's Objection, the bankruptcy court considered McAlary's objection to the Tanner Declaration. (Order on Obj. 5:26–6:16, Ex. 43 of Appx. 9 to Opening Br., ECF No. 21). It explained that, though McAlary objected to the specific paragraphs identified above, he did not raise an objection to the liquidation analysis attached as Exhibit 1 to the declaration, nor did he object to the testimony in Paragraph 9 that "the assets generated by the proposed creditor trust may be sufficient to pay all allowed administrative and priority claims in full, and possible provide a small return to the general unsecured claims." (*Id.* 6:2–9). The bankruptcy court further explained that no request was made to cross-examine the declarant or have him testify as a live witness, and no testimony was offered by McAlary or other competent witness to dispute the liquidation analysis. (*Id.* 6:10–13). Relying on the "uncontradicted evidence," the bankruptcy court ultimately concluded that the Amended Plan satisfied the requirements of § 1129(a) and (b). (*Id.* 6:10–16).

McAlary explicitly raised an oral objection to Tanner's declaration in full, stating at the Confirmation Hearing: "I would like to make an oral objection to Mr. Tanner's declaration that was filed two days ago. I don't believe our stipulation [with] the debtor stipulated that the debtor could include additional evidence." (Conf. Hr'g Tr. 27:15–21, Ex. 42 of Appx. 9 to Opening Br., ECF No. 21). The bankruptcy court did not recognize that objection or address it in its Order. (*See generally* Order on Obj., Ex. 43 of Appx. 9 to Opening Br., ECF No. 21). Though it did recognize McAlary's specific objections to specific paragraphs as inadmissible evidence, the bankruptcy court neither overruled nor sustained McAlary's objection to the entirety of Tanner's declaration was valid. (*Id.*). The Court therefore remands to the bankruptcy court to consider the issue of McAlary's objection to Tanner's declaration in the first instance.

In sum, the Court affirms the bankruptcy court's overruling of McAlary's objections on the basis of: (1) the Amended Plan's lack of a certain effective date; (2) the inclusion of third-party releases; and (3) failure to disclose the individuals to serve as directors, officers, or voting trustees after confirmation of the Amended Plan. The Court remands the set-off rights and revised liquidation analysis issues for the bankruptcy court to consider in the first instance.

IV. **CONCLUSION**

**IT IS HEREBY ORDERED** that the Bankruptcy Court's Order on McAlary's Objection is **AFFIRMED** in part and **REMANDED** in part.

**DATED** this __4___ day of August, 2025.

_____
Gloria M. Navarro, District Judge
UNITED STATES DISTRICT COURT